IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAOTAO USA, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY, et al.,<br><br>    Defendants. | Civil Action No. 20-cv-915<br>Hon. Chief Judge Beryl Howell |

## ANSWER

Defendants (collectively, EPA) answer the Complaint filed by Taotao USA, Inc., Taotao Group Co., LTD. ("Taotao Group"), and Jinyun County Xiangyuan Industry Co., Ltd. ("Jinyun," and collectively "Plaintiffs"), ECF No. 1:[1]

## INTRODUCTION

1.   The allegations in paragraph 1 comprise Plaintiffs' narrative of their action and characterize Plaintiffs' Complaint, which requires no response, and reference the Administrative Procedure Act, the Clean Air Act, and the March 5, 2020 "Final Decision and Order" ("Final Order") issued by the Environmental Appeals Board ("EAB"). The Acts and the Final Order speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Acts or the Final Order, EPA denies them.

2.   The allegations in paragraph 2 characterize the August 7, 2018 "Initial Decision" ("Initial Decision"), and Final Order which speak for themselves and are the best evidence of their

---

[1] Topic headings are from the Complaint and incorporated here solely for ease of reference. Their use does not constitute any admission by EPA.

1

contents. To the extent the allegations are inconsistent with the Initial Decision or Final Order, EPA denies them.

3. The allegations in paragraph 3 characterize the Initial Decision and the Final Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Initial Decision or the Final Order, EPA denies them.

4. The allegations in paragraph 4 characterize the Initial Decision and the Final Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Initial Decision or the Final Order, EPA denies them.

5. The allegations in paragraph 5 characterize the Final Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Order, EPA denies them.

6. The allegations in paragraph 6 comprise Plaintiffs' narrative of their action, characterize Plaintiffs' Complaint, and state legal conclusions, which require no response. To the extent a response is required, EPA denies the allegations in paragraph 6.

## PARTIES

7. EPA admits the allegations in paragraph 7 to the best of its knowledge.

8. EPA admits the allegations in paragraph 8 to the best of its knowledge.

9. EPA admits the allegations in paragraph 9 to the best of its knowledge.

10. EPA admits the allegations in paragraph 10.

11. EPA admits that defendant Phillip A. Brooks was the Director of the Air Enforcement Division ("AED"), in the Office of Civil Enforcement, in the Office of Enforcement and Compliance Assurance ("OECA"), when the underlying civil administrative penalty assessment proceeding was brought against Plaintiffs, but denies that Phillip A. Brooks

currently serves in this role. At present, Thomas Carroll is the acting Director of AED within OECA.

## JURISDICTION AND VENUE

12. The allegations in paragraph 12 state legal conclusions that require no response.

13. The allegations in paragraph 13 state legal conclusions that require no response.

14. The allegations in paragraph 14 state legal conclusions that require no response.

## STATUTORY & REGULATORY BACKGROUND

15. The allegations in paragraph 15 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, EPA denies them.

16. The allegations in paragraph 16 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, EPA denies them.

17. The allegations in paragraph 17 state legal conclusions that require no response.

18. The allegations in paragraph 18 characterize the Clean Air Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or its implementing regulations, EPA denies them.

19. The allegations in paragraph 19 characterize the Clean Air Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or its implementing regulations, EPA denies them.

20. The allegations in paragraph 20 characterize the Clean Air Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the

extent the allegations are inconsistent with the Act or its implementing regulations, EPA denies them.

21. The allegations in paragraph 21 characterize the Clean Air Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or its implementing regulations, EPA denies them.

22. The allegations in paragraph 22 as to "design standards" consist of vague and ambiguous characterizations, and EPA lacks sufficient information to admit or deny them. To the extent a response is required, EPA denies the allegations as to "design standards" in paragraph 22. EPA denies the remaining allegations in paragraph 22.

## FACTUAL AND PROCEDURAL BACKGROUND

23. EPA admits that certificates of conformity were issued to Taotao USA. The allegations in paragraph 23 characterize those certificates, EPA's administrative complaint, and EPA's amended complaint, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the certificates, the administrative complaint, or the amended complaint, EPA denies them.

24. EPA admits that certificate of conformity applications were submitted, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the applications, EPA denies them.

25. EPA admits that certificate of conformity applications were submitted, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the applications, EPA denies them. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25. To the extent a response is required, EPA denies the remaining allegations in paragraph 25.

26. EPA admits that certificate of conformity applications were filed, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the applications, EPA denies them. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26. To the extent a response is required, EPA denies the remaining allegations in paragraph 26.

27. EPA admits that catalytic converter test reports were submitted to EPA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the test reports, EPA denies them. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27. To the extent a response is required, EPA denies the remaining allegations in paragraph 27.

28. EPA admits that catalytic converter test reports and certificate of conformity applications were submitted to EPA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the test reports or the applications, EPA denies them. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28. To the extent a response is required, EPA denies the remaining allegations in paragraph 28.

29. EPA admits that in 2012 a consultant retained by Taotao USA sent three catalytic converters for testing at a laboratory in Canada (SGS Canada, Inc. ("SGS")). EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29. To the extent a response is required, EPA denies the remaining allegations in paragraph 29.

30. EPA admits that SGS tested catalytic converters from vehicles purportedly belonging to engine families CTAOC.049MC1 and CTAOXO.12A1T. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in

paragraph 30. To the extent a response is required, EPA denies the remaining allegations in paragraph 30.

31. EPA admits that Taotao USA submitted test results to EPA in 2012. The allegations in paragraph 31 characterize the test results submitted to EPA as well as the certificates of conformity applications, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the test results or the certificates, EPA denies them.

32. EPA admits that it issued a Notice of Violation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Notice, EPA denies them. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32. To the extent a response is required, EPA denies the remaining allegations in paragraph 32.

33. EPA admits that it required additional testing. EPA lacks sufficient information to form a belief about the truth of the remaining allegations in paragraph 33. To the extent a response is required, EPA denies the remaining allegations in paragraph 33.

34. EPA admits that catalytic converters were removed from all but one of the vehicles tested by California Environmental Engineering, LLC and sent to SGS for testing. EPA further admits that SGS test results showed that the catalytic converters had precious metal compositions that were different from the compositions stated in the vehicles' COC applications. EPA denies the remaining allegations in paragraph 34.

35. The allegations in paragraph 35 characterize EPA's administrative complaint and amended complaint which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the administrative complaint or amended complaint, EPA denies them.

## CAUSES OF ACTION
### I.
**The penalty sought by EPA in the administrative action exceeded the Clean Air Act's jurisdictional limitations, and therefore the ALJ had no subject matter jurisdiction over the proceedings.**

36. The allegations in paragraph 36 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, EPA denies them.

37. EPA admits that it initially sought a proposed penalty of $3,295,556.32 ($1,698,432.42 from Taotao USA and Taotao Group, and $1,597,123.89 from Taotao USA and Jinyun), and later reduced the proposed penalty to $1,601,149.95 shortly before the hearing. EPA denies the remaining allegations in paragraph 37.

38. The allegations in paragraph 38 characterize a joint determination between EPA and the Department of Justice, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the joint determination, EPA denies them.

39. The allegations in paragraph 39 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 39.

40. EPA denies the allegations in paragraph 40.

41. The allegations in paragraph 41 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 41.

### II.
**The Final Order is arbitrary, capricious and contrary to the law because there was no evidence of any harm to the regulatory scheme.**

42. The allegations in paragraph 42 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 42.

43. The allegations in paragraph 43 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 43.

44. The allegations in paragraph 44 consist of vague and ambiguous characterizations, and EPA lacks sufficient information to admit or deny them. To the extent a response is required, EPA denies the allegations in paragraph 44.

45. The allegations in paragraph 45 characterize the May 3, 2017, "Order on Partial Accelerated Decision and Related Motions" ("Order on Partial Accelerated Decision"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order on Partial Accelerated Decision, EPA denies them.

46. The allegations in paragraph 46 characterize the Initial Decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Initial Decision, EPA denies them. The remaining allegations in paragraph 46 consist of vague and ambiguous characterizations, and EPA lacks sufficient information to admit or deny them. To the extent a response is required, EPA denies the allegations in paragraph 46.

47. The allegations in paragraph 47 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 47.

48. The allegations in paragraph 48 characterize the Initial Decision and the Final Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Initial Decision or the Final Order, EPA denies them.

49. The allegations in paragraph 49 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 49.

50. The allegations in paragraph 50 comprise Plaintiffs' narrative of their action, to which no response is required. To the extent a response is required, EPA denies the allegations in paragraph 50.

## III.
**EPA abused its discretion by holding Taotao USA and Taotao Group liable because (1) the 67,527 highway motorcycles imported by Taotao USA were covered by their respective certificates of conformity, and (2) the EPA's determination went against the clear language of its own regulations.**

51. The allegations in paragraph 51 characterize the Order on Partial Accelerated Decision, the June 15, 2017 "Order On Respondents' Motion For Reconsideration Or Interlocutory Appeal" ("Order Denying Reconsideration"), the Initial Decision, and the Final Order, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the Order on Partial Accelerated Decision, the Order Denying Reconsideration, the Initial Decision, or the Final Order, EPA denies them.

52. EPA denies the allegations in paragraph 52.

53. The allegations in paragraph 53 characterize the Clean Air Act's implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the Act or its implementing regulations, EPA denies them.

54. The allegations in paragraph 54 consist of vague and ambiguous characterizations, and EPA lacks sufficient information to admit or deny them.  To the extent a response is required, EPA denies the allegations in paragraph 54.

55. The allegations in paragraph 55 characterize findings contained in the Order on Partial Accelerated Decision, the Order Denying Reconsideration, the Initial Decision, the Final Order, and the Clean Air Act's implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the Order on Partial Accelerated Decision, the Order Denying Reconsideration, the Initial Decision, the Final Order, the Act, or its implementing regulations, EPA denies them.

56. The allegations in paragraph 56 characterize the referenced certificates of conformity and the Clean Air Act's implementing regulations, which speak for themselves and are the best

evidence of their contents. To the extent the allegations are inconsistent with the certificates of conformity, the Act, or its implementing regulations, EPA denies them.

57. The allegations in paragraph 57 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 57.

58. The allegations in paragraph 58 characterize the Clean Air Act's implementing regulations, which speak for themselves and are the best evidence of their contents, and call for a legal conclusion, to which no response is required. To the extent the allegations are inconsistent with the Act, EPA denies them. The remaining allegations in paragraph 58 consist of vague and ambiguous characterizations, and EPA lacks sufficient information to admit or deny them. To the extent a response is required, EPA denies the remaining allegations in paragraph 58.

**IV.**
**EPA abused its discretion by holding Taotao USA and JCXI liable because (1) the 42,437 recreational vehicles imported by Taotao USA were covered by their respective certificates of conformity, and (2) the EPA's determination went against the clear language of its own regulations**

59. The allegations in paragraph 59 characterize the Order on Partial Accelerated Decision, the Order Denying Reconsideration, the Initial Decision, and the Final Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Order on Partial Accelerated Decision, the Order Denying Reconsideration, the Initial Decision, or the Final Order, EPA denies them.

60. The allegations in paragraph 60 characterize EPA's administrative complaint and amended complaint, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the administrative complaints, EPA denies them.

61. The allegations in paragraph 61 characterize the Clean Air Act's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or implementing regulations, EPA denies them.

62. The allegations in paragraph 62 characterize the referenced labels, the Clean Air Act's implementing regulations, and EPA's administrative complaint and amended complaint, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced labels, the Act, its implementing regulations, or the administrative complaints, EPA denies them.

63. The allegations in paragraph 63 characterize the Clean Air Act's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or its implementing regulations, EPA denies them.

64. The allegations in the first clause of paragraph 64 characterize the certificates of conformity applications, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the certificates of conformity applications, EPA denies them. The remaining allegations in paragraph 64 consist of vague and ambiguous characterizations, and EPA lacks sufficient information to admit or deny them. To the extent a response is required, EPA denies the allegations in paragraph 64.

65. The allegations in paragraph 65 characterize findings contained in the Order on Partial Accelerated Decision, the Order Denying Reconsideration, the Initial Decision, and the Final Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Order on Partial Accelerated Decision, the Order Denying Reconsideration, the Initial Decision, or the Final Order, EPA denies them.

66. EPA denies the allegations in the first sentence of paragraph 66. The second and third sentences of paragraphs 66 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in these sentences.

**V.
EPA abused its discretion by holding Taotao Group and JCXI liable for manufacturing vehicles with catalytic converters that did not match the catalytic converters described in the respective COCs applications, even though (1) EPA does not permit Taotao Group and JCXI to hold or submit COC applications, and (2) Taotao Group and JCXI did not manufacture the catalytic converters**

67. The allegations in paragraph 67 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 67.

68. The allegations in paragraph 68 characterize the certificates of conformity applications, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the certificates of conformity applications, EPA denies them.

69. EPA lacks sufficient information to form a belief about the truth of the allegations in paragraph 69. To the extent a response is required, EPA denies the allegations in paragraph 69.

70. EPA lacks sufficient information to form a belief about the truth of the allegations in paragraph 70. To the extent a response is required, EPA denies the allegations in paragraph 70.

71. The allegations in paragraph 71 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 71.

72. The allegations in the first sentence of paragraph 72 characterize the Clean Air Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act and implementing

regulations, EPA denies them. EPA denies the allegations in the second sentence of paragraph 72.

73. The allegations in paragraph 73 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 73.

74. The allegations in paragraph 74 comprise Plaintiffs' narrative of their action and characterize Plaintiffs' Complaint and do not require a response. To the extent a response is needed, EPA denies the allegations.

75. EPA lacks sufficient information to form a belief about the truth of the allegations in paragraph 75. To the extent a response is required, EPA denies the allegations in paragraph 75.

76. The allegations in paragraph 76 comprise Plaintiffs' narrative of their action and characterize Plaintiffs' Complaint and do not require a response. To the extent a response is needed, EPA denies the allegations.

77. The allegations in paragraph 77 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 77.

### VI.
### EPA's service of process on Taotao Group and JCXI violates the due process clause, and EPA's service of process failed to comply with the Hague Convention.

78. EPA admits the allegations in paragraph 78.

79. EPA admits the allegations in paragraph 79 but denies Plaintiffs' characterization that certain plaintiffs "specially appeared."

80. The allegations in paragraph 80 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 80.

81. The allegations in paragraph 81 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 81.

82. The allegations in paragraph 82 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 82.

83. EPA lacks sufficient information to form a belief about the truth of the allegations in paragraph 83. To the extent a response is required, EPA denies the allegations in paragraph 83.

84. EPA admits that Taotao Group and Jinyun appointed Taotao USA as their agent. The remaining allegations in the first sentence of paragraph 84 characterize the Clean Air Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or its implementing regulations, EPA denies them. The allegations in the final sentence of paragraph 84 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in the final sentence of paragraph 84.

85. The allegations in paragraph 85 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 85.

86. The allegations in paragraph 86 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 86.

### VII.
**EPA abused its discretion in assessing penalties against Plaintiffs because EPA's Penalty Policy does not provide an appropriate framework in the unique circumstances of this case; the assessment ignores the Plaintiff-specific application of the statutory factors; the assessment exceeds the scope of the Penalty Policy itself**

87. The allegations in paragraph 87 state legal conclusions that require no response. To the extent a response is required, EPA denies the allegations in paragraph 87.

88. EPA admits that it considered the Clean Air Act Mobile Source Civil Penalty Policy-Vehicle and Engine Certification Requirements, dated January 16, 2009 (Penalty Policy). The remaining allegations in paragraph 88 characterize the Initial Decision, Final Order, and the Penalty Policy, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Initial Decision, Final Order, or Penalty Policy, EPA denies them.

89. The allegations in paragraph 89 characterize the Penalty Policy, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Penalty Policy, EPA denies them.

90. The allegations in paragraph 90 characterize EPA's legal position as to the penalty, and its administrative filings speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with EPA's filings, EPA denies them.

91. The allegations in paragraph 91 characterize EPA's legal position as to the penalty, and its administrative filings speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with EPA's filings, EPA denies them.

92. The allegations in paragraph 92 characterize EPA's legal position as to the penalty, and its administrative filings speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with EPA's filings, EPA denies them.

93. The allegations in paragraph 93 consist of vague and ambiguous characterizations, and EPA lacks sufficient information to admit or deny them. To the extent a response is required, EPA denies the allegations in paragraph 93.

94. The allegations in paragraph 94 characterize EPA's legal position as to the penalty, and its administrative filings speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with EPA's filings, EPA denies them.

95. The allegations in paragraph 95 consist of incomplete hypothetical scenarios, comprise Plaintiffs' narrative of their action, characterize Plaintiffs' Complaint, and do not require a response. To the extent a response is needed, EPA denies the allegations.

96. The allegations in paragraph 96 consist of an incomplete hypothetical scenario, comprise Plaintiffs' narrative of their action, characterize Plaintiffs' Complaint, and do not require a response. To the extent a response is needed, EPA denies the allegations.

97. The allegations in paragraph 97 characterize EPA's legal position as to the penalty, and its administrative filings speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with EPA's filings, EPA denies them.

## PRAYER

The allegations in paragraph 98 comprise Plaintiffs' narrative of their action and characterize Plaintiffs' Complaint and do not require a response. To the extent a response is needed, EPA denies the allegations.

## GENERAL DENIAL

If any allegation is not admitted or specifically responded to, EPA denies that allegation.

## DEFENSES

1) Pursuant to 42 U.S.C. § 7524(c)(1), the court lacks jurisdiction to review the joint determination.

2) Plaintiffs' claims relating to 40 C.F.R. §§ 86.416-80(a)(2)(ix) and 1051.205(w) are barred by the statute of limitations because the time to challenge the regulations has passed. *See* 42 U.S.C. § 7607(b)(1).

3) EPA reserves the right to assert every affirmative or other defense that may be available, including any defenses available under Federal Rules of Civil Procedure 8 or 12.

Respectfully submitted,

Dated: September 9, 2020

*/s/ Sarah Izfar*
Trial Attorney (DC Bar #1017796)
United States Department of Justice
Environmental Defense Section
P.O. Box 7611 (regular mail)
150 M St., NE (overnight)
Washington, D.C. 20044
sarah.izfar@usdoj.gov
(202) 305-0490

*Counsel for Defendants*

OF COUNSEL:
SUSAN STAHLE
Air and Radiation Law Office
U.S. Environmental Protection Agency
MC 2344A
1200 Pennsylvania Ave, NW
Washington, D.C. 20460