UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAOTAO USA, INC., *et al.*,

        Plaintiffs,

        v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *et al.*,

        Defendants.

Civil Action No. 20-cv-915 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Pending before the Court are three motions, two filed by plaintiffs and one by defendants. *See* Pls.' Mot. for Leave to File Notice of Appeal, and in the Alternative, Mot. for Extension to File Mot. for Recons./New Trial ("Pls.' Leave/Extension Mot."), ECF No. 36; Pls.' Mot. for Recons., ECF No. 38; Defs.' Mot. Stay Briefing Pls.' Mot. for Recons., ECF No. 40. This flurry of continuing litigation in a case resolved on March 31, 2022—when plaintiffs' Motion for Summary Judgment was denied, defendants' Cross-Motion for Summary Judgment was granted, and a final, appealable order was issued, *see* Order (Mar. 31, 2022) ("Final Order"), ECF No. 34—stems from plaintiffs' failure to file any timely notice of appeal, which was due by May 30, 2022, *see* FED. R. APP. P. 4(a)(1)(B), or any timely motion for reconsideration, which was due by April 28, 2022, *see* FED. R. CIV. P. 59(e). Having missed these critical deadlines, on June 24, 2022, plaintiffs moved for authorization to file either an untimely notice of appeal or, in the alternative, an untimely motion for reconsideration, citing excusable neglect. *See generally* Pls.' Leave/Extension Mot. For the reasons that follow, plaintiffs have not demonstrated that their conduct constitutes "excusable neglect" justifying any relief.

1

I.   DISCUSSION

Plaintiffs concede that, as a procedural matter, no extension of the filing deadline for a motion for reconsideration under Federal Rule of Civil Procedure 59 is permitted, under Rule 6(b)(2). Pls.' Leave/Extension Mot. at 2, 4; *see Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (noting that there is "no possibility of an extension" for a Rule 59(e) motion to alter or amend a judgment (citing FED. R. CIV. P. 6(b)(2)). Plaintiffs' deadline for filing their motion for reconsideration has long since passed. Accordingly, no extension to permit plaintiffs an opportunity to file for reconsideration of the Final Order may be granted.

To dodge the procedural roadblock for reconsideration posed by Rule 6(b)(2), plaintiffs attempt to leverage Rule 60(b)(1) to obtain the relief they seek. Pls.' Leave/Extension Mot. at 4 (citing FED. R. CIV. P. 60(b)(1)). Rule 60(b)(1) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, or excusable neglect." FED. R. CIV. P. 60(b)(1). While not readily apparent, plaintiffs appear to be arguing that, although the Court has not yet issued an order denying their motion for extension of time to file a Rule 59(e) motion, which denial is necessitated by Rule 6(b)(2), their untimely motion should nevertheless be excused under Rule 60(b)(1) due to excusable neglect. Pls.' Leave/Extension Mot. at 4–5.

Plaintiffs fall far short of demonstrating any excusable neglect. In making the equitable determination of what kind of neglect will be considered "excusable," courts consider "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In*

*re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The facts of this case speak for themselves. Plaintiffs' excuse for missing the filing deadline is that their Texas counsel "did not timely learn of the Final Order" because counsel has a system where he reviews a weekly list of all electronic notifications received in pending cases and "the person newly responsible for compiling the list only included E-file Texas (state court) notifications to the list, and mistakenly did not include ECF/Pacer notifications." Pls.' Leave/Extension Mot. at 3. In other words, Texas counsel employs a system so that he does not receive directly himself *any* ECF/Pacer notifications in *any* case for which he has professional responsibilities, nor does he receive through other staff real-time or even daily notifications, but instead has delegated to other staff the responsibility of reporting to him such notifications only on a weekly basis. He now blames a breakdown in that only-weekly notification system for failing to give him *any* notifications as to his pending federal cases. To neglect to ensure that he reviewed notifications even on a weekly basis for *all* of his pending federal cases is inexcusable, especially when this error could have been remedied by a simple look at the docket. In this Circuit, the law is clear: attorneys are "obligated to monitor the court's docket." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004); *United States v. Baylor*, 162 F. App'x 1, 2 (D.C. Cir. 2005) ("Counsel is under an obligation to check with reasonable frequency on the status of a pending case."); *see also Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal."). Consequently, excuses such as plaintiffs' counsel's explanation of neglecting to monitor the docket routinely fail to win any relief under Rule 60(b). *See, e.g.*, *Lutsenko v. Pshnka*, 282 F.R.D. 5, 7–8 (D.D.C. 2012) (denying Rule 60(b)(1) motion for relief

based on excuse that plaintiff's "counsel of record never personally registered to receive notice via the Court's CM/ECF System and therefore had not received electronically the Orders of the Court in this case, including the ones directing that a Status Report be filed with the Court" (internal quotation marks omitted)); *Gibson-Michaels v. Bair*, 255 F.R.D. 306, 307–08 (D.D.C. 2009) (refusing to reconsider dismissal of action under Rule 60(b) where the plaintiff failed to discharge his obligation to monitor the docket); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (finding that relief was unavailable under Rule 60(b) in part because plaintiff's counsel failed to "regularly access[] the court's docket to monitor case activity"); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (suggesting that a district court "would abuse its discretion if it were to reopen a case under Rule 60(b)(1)" when the party failed to discharge its "duty of diligence to inquire about the status of a case"). An excuse predicated, as here, on blaming others for not properly monitoring the docket on counsel's behalf similarly fails since that is counsel's professional obligation. *See e.g.*, *Lutsenko*, 282 F.R.D. at 5 (rejecting excuse that plaintiff's counsel "believed that a colleague, someone who never entered an appearance in this action, was informally monitoring the docket on his behalf"); *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 573 F. Supp. 2d 152, 177 (D.D.C. 2008) (finding that "counsel's blaming of his associate does not create excusable neglect for a missed filing deadline" because "[a]s counsel of record, [he] has an obligation to monitor the court's docket").

Furthermore, plaintiffs' explanation simply does not address the fact that plaintiffs had other local counsel in Virginia that also received notice of the Final Order on the day of issuance, but still no timely action was taken. In short, there is no reasonable excuse for plaintiffs' failure

4

to file a timely motion for reconsideration as two different counsel received notice of the Final Order.

Moreover, the long history of this case shows that further delay would inflict prejudice not only on defendants but also on the American public. For over four years, plaintiffs have sought to circumvent the EPA's collection of a civil penalty totaling approximately $1.6 million for violations of the Clean Air Act. Further delay and litigation over issues for which plaintiffs have already had an opportunity to address fully would continue to require attention and resources of the EPA. Although the two-month delay due to plaintiffs' neglect is not extensive, and the Court credits plaintiffs' counsels' explanation for the neglect as not amounting to bad faith, the reason for the delay, in particular, and the danger of prejudice to defendants weighs against plaintiffs.

Accordingly, plaintiffs' conduct does not constitute "excusable neglect" and does not merit relief under Rule 60(b)(1).

For the same reasons, plaintiffs' motion seeking an extension of time to file a notice of appeal also fails. Under Federal Rule of Appellate Procedure 4, a district court "may extend the time to file a notice of appeal if . . . that party shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A)(ii). Plaintiffs do not argue that good cause exists for their failure timely to file a notice of appeal and, as discussed above, plaintiffs' excuse for their failure timely to file this notice does not show excusable neglect.

Finally, given that "[m]otions for reconsideration are 'disfavored' and 'granting . . . such a motion is . . . an unusual measure,'" *Wash. Mut. Bank, F.A. v. Eskanos,* No. 1:14-cv-1546 (RCL), 2015 U.S. Dist. LEXIS 106010, at *5–6 (D.D.C. Aug. 12, 2015) (omissions in original) (quoting *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011)), "the movant must provide

5

the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture," *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995).  The substance of plaintiffs' motion does little to persuade that reconsideration is appropriate.  The crux of plaintiffs' motion for reconsideration is that the Court failed properly to distinguish plaintiffs' situation from the facts in *United States v. Chrysler Corp.*, 591 F.2d 958 (D.C. Cir. 1979), and relied on an improper understanding of the applicable regulations.  *See generally* Pls.' Mot. for Recons.  Contrary to plaintiffs' contention, the Court thoroughly examined *Chrysler* and explained why its reasoning applied to plaintiffs' conduct.  Additionally, plaintiffs' arguments interpreting the authority of the applicable regulations continue to ignore the plain language of the regulations, which authorize the EPA Administrator to issue certificates of conformity "upon such terms as he may deem necessary to assure that any new [vehicles] covered by the certificate will meet the requirements of the [Clean Air Act] and of [the applicable regulations]."  40 C.F.R. § 86.437-78(a)(2)(ii).  Plaintiffs' opinion of whether such "terms"—here, conformity with stated design specifications—is necessary or makes sense in light of the regulatory scheme is beside the point.  If a requirement is on a certificate of conformity, it must be met in order for a vehicle to be covered by that certificate.

## II.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File Notice of Appeal, and in the Alternative, Motion for Extension to File Motion for Reconsideration/New Trial, ECF No. 36, is **DENIED**; and it is further

**ORDERED** that the plaintiffs' Motion for Reconsideration, ECF No. 38, is improperly filed without leave and, in any event, **DENIED AS MOOT**; and it is further

**ORDERED** that the defendants' Motion to Stay Briefing on Plaintiffs' Motion for Reconsideration, ECF No. 40, is **DENIED AS MOOT**.

**SO ORDERED.**

Date: August 1, 2022

_____
BERYL A. HOWELL
Chief Judge